## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK C. PLESSINGER** and **MICHELLE PLESSINGER**, Husband and Wife, | : : : : |
| Plaintiffs, | : : |
| v. | : : |
| | : **JURY TRIAL DEMANDED** |
| **PRIMECARE MEDICAL, INC.** and | : : |
| **JUSTIN LENSBOWER, MS, LPC,** Health Services Administrator, and | : : : |
| **ADELE ROGERS, LPN** and | : **NO. _____** : : |
| **LIZA MARIE MAMARIL, RN** and | : : |
| **JEN MROZ, PA-C** and | : : |
| **HEATHER FLORY, LPN** and | : : |
| **J. CASEY, PA-C** and | : : |
| **CORIAN PEIFFER, LPN** and | : : |
| **JOHN DOE MEDICAL DIRECTOR** and | : : : |
| **JOHN DOE MEDICAL PROVIDER I** and | : : : |
| **JOHN DOE MEDICAL PROVIDER II** and | : : : |
| **ABC COMPANY I** | : |

|  |  |
|---|---|
| and | : |
| **ABC COMPANY II** | : |
|  | : |
| **Defendants.** | : |

## COMPLAINT

Plaintiffs, Frank Plessinger ("Mr. Plessinger") and Michelle Plessinger ("Mrs. Plessinger"), by and through their attorneys, Gay & Chacker, P.C., hereby assert the following Complaint against defendants, Justin Lensbower, MS, LPC, Health Services Administrator ("defendant Lensbower"), Adele Rogers, LPN ("defendant Rogers"), Liza Marie Mamaril, RN ("defendant Mamaril"), Jen Mroz, PA-C ("defendant Mroz"), Heather Flory, LPN ("defendant Flory"), J. Casey, PA-C ("defendant Casey"), Corian Peiffer, LPN ("defendant Peiffer"), John Doe Medical Director, John Doe Medical Provider I, John Doe Medical Provider II, (collectively "Individual Defendants"), PrimeCare Medical, Inc. ("defendant PrimeCare")  ABC Company I, and ABC Company II (collectively "corporate defendants") (all collectively "defendants"), as follows:

## Parties

1. Mr. Plessinger and Mrs. Plessinger are adult individuals, husband and wife, residing at 525 Hilltop Circle, Greencastle, PA 17225. Plaintiffs were at all relevant times residents of Franklin County.

2. Defendant PrimeCare is a Pennsylvania corporation with its principal

place of business located at 3940 Locust Lane, Harrisburg, PA. At all times relevant hereto, PrimeCare was the contracted agent of Franklin County and the Franklin County Jail ("FCJ"), in Chambersburg, Pennsylvania and was responsible for providing medical staff and overseeing medical treatment to inmates at FCJ. At all times material hereto, PrimeCare acted and failed to act by, through and on behalf of its duly authorized agents, ostensible agents, servants and employees, including, but not limited to, defendant Lensbower, defendant Rogers, defendant Mamaril, defendant Mroz, defendant Peiffer, John Doe Medical Director, John Doe Medical Provider I and/or John Doe Medical Provider II.

3. Defendant Lensbower is a duly licensed Licensed Professional Counselor and was at all times relevant to this action a Health Services Administrator responsible for training, supervision and implementation of policies and procedures of the nursing staff and/or other medical providers at FCJ.

4. At all times material hereto, defendant Lensbower was acting individually and/or as an agent, ostensible agent, servant and/or employee of defendant PrimeCare, ABC Company I and/or ABC Company II.

5. Defendant Rogers is a duly licensed Licensed Practical Nurse practicing at FCJ in Chambersburg, Pennsylvania.

6. At all times material hereto, defendant Rogers was a treating licensed practical nurse of Mr. Plessinger, acting individually and/or as an agent, ostensible

agent, servant and/or employee of defendant PrimeCare, ABC Company I and/or ABC Company II.

7. Defendant Mamaril is a duly licensed Registered Nurse practicing at FCJ in Chambersburg, Pennsylvania.

8. At all times material hereto, defendant Mamaril was a treating registered nurse of Mr. Plessinger, acting individually and/or as an agent, ostensible agent, servant and/or employee of defendant PrimeCare, ABC Company I and/or ABC Company II.

9. Defendant Mroz is a duly licensed Certified Physician Assistant practicing at FCJ in Chambersburg, Pennsylvania.

10. At all times material hereto, defendant Mroz was a treating certified physician assistant of Mr. Plessinger, acting individually and/or as an agent, ostensible agent, servant and/or employee of defendant PrimeCare, ABC Company I and/or ABC Company II.

11. Defendant Flory is a duly licensed Licensed Practical Nurse practicing at FCJ in Chambersburg, Pennsylvania.

12. At all times material hereto, defendant Flory was a treating licensed practical nurse of Mr. Plessinger, acting individually and/or as an agent, ostensible agent, servant and/or employee of defendant PrimeCare, ABC Company I and/or ABC Company II.

13. Defendant Casey is a duly licensed Certified Physician Assistant practicing at FCJ in Chambersburg, Pennsylvania.

14. At all times material hereto, defendant Casey was a treating Certified Physician Assistant of Mr. Plessinger, acting individually and/or as an agent, ostensible agent, servant and/or employee of defendant PrimeCare, ABC Company I and/or ABC Company II.

15. Defendant Peiffer, LPN is a duly licensed Licensed Practical Nurse practicing at FCJ in Chambersburg, Pennsylvania.

16. At all times material hereto, defendant Peiffer was a treating licensed practical nurse of Mr. Plessinger, acting individually and/or as an agent, ostensible agent, servant and/or employee of defendant PrimeCare, ABC Company I and/or ABC Company II.

17. Defendant John Doe Medical Director was at all times relevant to this action a Medical Director responsible for training, supervision and implementation of policies and procedures of the nursing staff and/or other medical providers at FCJ.

18. At all times material hereto, defendant John Doe Medical Director was acting individually and/or as an agent, ostensible agent, servant and/or employee of defendant PrimeCare, ABC Company I and/or ABC Company II.

19. Defendant John Doe Medical Provider I was at all times relevant a

medical provider practicing at FCJ in Chambersburg, Pennsylvania.

20. At all times material hereto, defendant John Doe Medical Provider I was a treating medical provider of Mr. Plessinger, acting individually and/or as an agent, ostensible agent, servant and/or employee of defendant PrimeCare, ABC Company I and/or ABC Company II.

21. Defendant John Doe Medical Provider II was at all times relevant a medical provider practicing at FCJ in Chambersburg, Pennsylvania.

22. At all times material hereto, defendant John Doe Medical Provider II was a treating medical provider of Mr. Plessinger, acting individually and/or as an agent, ostensible agent, servant and/or employee of defendant PrimeCare, ABC Company I and/or ABC Company II.

23. Defendant ABC Company I is a corporation or other business entity engaged in the business of providing medical services at jails and/or prisons and at all relevant times hereto was responsible for providing medical services at FCJ, was responsible for providing staff and overseeing medical treatment to inmates at FCJ, and acted or failed to act by, through and on behalf of its duly authorized agents, ostensible agents, servants and employees, including, but not limited to, defendants Lensbower, Rogers, Mamaril, Mroz, Flory, Casey, Peiffer, John Doe Medical Director, John Doe Medical Provider I and/or John Doe Medical Provider II.

24. Defendant ABC Company II is a corporation or other business entity

6

engaged in the business of providing medical services at jails and/or prisons and at all relevant times hereto was responsible for providing medical services at FCJ, was responsible for providing staff and overseeing medical treatment to inmates at FCJ, and acted or failed to act by, through and on behalf of its duly authorized agents, ostensible agents, servants and employees, including, but not limited to, defendants Lensbower, Rogers, Mamaril, Mroz, Flory, Casey, Peiffer, John Doe Medical Director, John Doe Medical Provider I and/or John Doe Medical Provider II.

## Jurisdiction

25. This action is brought pursuant to 42 United States Code Section 1983. Jurisdiction is based upon 28 United States Code 1331, 1341 (1), (3) and (4), and 1343(a)(3), and 1343(a)(4). Plaintiffs further invoke the supplemental jurisdiction under 28 United States Code Section 1376(a) to hear and decide claims under state law.

## Facts

26. On or about March 24, 2021, Mr. Plessinger was admitted to FCJ for 30 days based on a guilty plea to a charge to Driving Under the Influence.

27. At the time of his intake, defendants conducted an intake interview.

28. At the time of the intake interview, Mr. Plessinger advised defendants that he took a number of prescribed medications for high blood pressure, including Losartan, amlodipine, metoprolol succinate and a clonidine patch.

7

29. At the time of the intake interview, Mr. Plessinger advised defendants that he was diagnosed with hyponatremia, a condition that occurs when the level of sodium in the blood is too low.

30. If not properly treated, hyponatremia can result in altered personality, lethargy, confusion and in severe cases seizures, coma and death.

31. As of at least 8:50 a.m. on March 25, 2021, defendants contacted Mr. Plessinger's family physician at Wellspan Internal Medicine and were advised that due to Mr. Plessinger's diagnosis of hyponatremia he was to have access to salt.

32. Mr. Plessinger's need for salt was sufficiently serious that at or around the time of his admission to FCJ Mr. Plessinger's family doctor, Lisa Higginbotham MD, sent a letter to defendants stating "[p]atient has hyponatremia and needs to liberalize his salt.  He will need access to a salt shaker."

33. Despite knowing that Mr. Plessinger was diagnosed with hyponatremia and the serious medical complications that could result if this condition was not properly treated, a verbal order for Mr. Plessinger to receive salt was not requested until approximately 5:00 p.m. on March 25, 2021, more than 24 hours after Mr. Plessinger was admitted to FCJ.

34. According to Mr. Plessinger's medical chart, Mr. Plessinger was approved to have salt issued in a container.

35. On or about March 27, 2021, Mr. Plessinger fainted, was found

unconscious with an abnormally low blood pressure, and was sent to the Emergency Department at Chambersburg Hospital where he was admitted as an in-patient.

36. Mr. Plessinger's condition resulted from defendant's refusal and/or failure to provide him with his medications and/or salt as needed or prescribed.

37. Mr. Plessinger advised medical providers at Chambersburg Hospital that he had not received his medications or salt tablets since his admission to FCJ.

38. At the time of his admission to Chambersburg Hospital, Mr. Plessinger was not wearing his Clonidine patch.

39. On or about March 28, 2021, Mr. Plessinger was discharged from Chambersburg Hospital and returned to FCJ.

40. Despite knowing that Mr. Plessinger was subject to fainting and episodes of unconsciousness if he did not timely receive his medications and/or salt, defendants continued to refuse to provide Mr. Plessinger with his medications and salt as needed and prescribed.

41. On or about March 30, 2021, Mr. Plessinger again fell after fainting and losing consciousness due to defendant's refusal to provide him with his medications and salt as needed and prescribed.

42. As a result, Mr. Plessinger was once again taken to the Emergency Department at Chambersburg Hospital where he was diagnosed with a displaced

fracture of his left femoral neck.

43. On or about April 1, 2021, Mr. Plessinger underwent a cemented left hip arthroplasty.

44. Following his surgical procedure, Mr. Plessinger experienced a number of debilitating complications that required further medical treatment, including placement of a Foley catheter, urinary retention, recurrent episodes of urinary retention, blood-tinged urine and clotting.

45. On or about April 23, 2021 Mr. Plessinger presented to Chambersburg Hospital with complaints that included encephalopathy. He was admitted and diagnosed with a urinary tract infection associated with an indwelling catheter and encephalopathy due to infection.

46. To this day, Mr. Plessinger's physical and mental health remains seriously compromised due to defendants' refusal and/or failure to provide him with his medications and/or salt as needed or prescribed while he was incarcerated at FCJ.

47. Defendants were aware that denial of prescribed medications and/or denial of salt to a person with hyponatremia can result in serious and life-threatening harm including but not limited to syncope, loss of consciousness and physical injury due to falling.

48. Despite the foregoing, defendants failed to ensure Mr. Plessinger

received his medications and/or salt or failed to ensure he received his medications and/or salt as needed and prescribed.

49.    Despite the foregoing, defendants failed and refused to ensure proper monitoring of Mr. Plessinger's condition and failed and refused to implement and provide adequate and proper fall prevention protocols.

50.    Defendants' denial of appropriate medical care and attention caused Mr. Plessinger's symptoms as well as his fall and resulted in severe injury and harm to Mr. Plessinger.

51.    The failure of defendants to ensure that proper medical treatment and attention was provided to Mr. Plessinger, that he receive his medications and salt as needed and prescribed, that he was properly monitored, and that adequate fall prevention protocols were provided caused Mr. Plessinger's symptoms as well as his fall and resulted in severe injury and harm to Mr. Plessinger.

52.    At no time did any of the defendants, or any other employees or agents of defendants take steps to ensure that Mr. Plessinger received his medications and salt as needed and prescribed, adequate and proper monitoring and adequate, and proper fall prevention protocols and with deliberate indifference, failed to take steps to ensure that he received the necessary care and treatment..

53.    Defendants were on notice of Mr. Plessingers's need for his prescribed medications and salt, adequate and proper monitoring and adequate and proper fall

prevention protocols and with deliberate indifference, failed to take steps to ensure that he received the necessary care and treatment.

54. At all times relevant to this Complaint, defendant PrimeCare, with deliberate indifference, failed to develop and implement policies, practices, and procedures to ensure that detainees and/or inmates, including Mr. Plessinger, would receive their medications as needed and prescribed, including salt for inmates diagnosed with hyponatremia, and safe and proper fall prevention protocols.

55. The harms suffered by Mr. Plessinger are the direct and proximate result of the policy, practice, and custom of defendant PrimeCare, of failing and refusing to ensure inmates receive their medications as needed and prescribed, including salt for inmates diagnosed with hyponatremia, and refusing to implement fall prevention protocols for detainees and/or inmates.

56. At all times relevant to this Complaint, all defendants were deliberately indifferent to the serious medical needs of Mr. Plessinger.

57. At all times relevant to this Complaint, the conduct of all defendants, their agents, servants and/or employees, was intentional, willful, reckless, and grossly negligent with respect to Mr. Plessinger's rights under federal and state law.

58. As a direct and proximate result of defendants' conduct, Mr. Plessinger suffered injuries and harm, including but not limited to syncope, loss of consciousness, traumatic hip fracture, infection, encephalopathy and various other

ills and injuries.

59. The actions and inactions of defendants increased the risk of harm and caused harm to Mr. Plessinger.

60. As a direct and proximate result of defendants' conduct, Mr. Plessinger has suffered and will continue to suffer in the future great pain and suffering, embarrassment, humiliation, emotional distress, disfigurement, and loss of the enjoyment of life.

61. As a direct and proximate result of defendants' conduct, Mr. Plessinger has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

62. As a direct and proximate result of defendants' conduct, Mr. Plessinger has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

63. As a direct and proximate result of defendants' conduct, Mr. Plessinger has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

64. Without any regard for Mr. Plessinger's safety, defendants ignored Mr. Plessinger's medical condition and denied him medical treatment that he desperately needed.

65. Without any regard for Mr. Plessinger's safety, defendants ignored Mr. Plessinger's medical condition, and refused to implement adequate and proper fall prevention protocols.

66. Defendants failed to protect Mr. Plessinger and knowingly failed to provide him with medical treatment and fall prevention protocols that he desperately needed.

67. As a direct and proximate result of the defendants' actions, Mr. Plessinger was deprived of rights, privileges and immunities under the Eight and/or Fourteenth Amendments to the United States Constitution and in particular the right to be free from cruel and unusual punishment, the right to be provided proper and adequate medical treatment and the right to due process of law.

## COUNT ONE
## Mr. Plessinger v. Individual Defendants
## Federal Constitutional Claims

68. Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 66, inclusive, of their Complaint as if the same were set forth at length herein.

69. The Individual Defendants were deliberately indifferent to Mr. Plessinger's serious medical needs and thereby violated Mr. Plessinger's right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution and/or Mr. Plessinger's right to due process of law under the

Fourteenth Amendment to the United States Constitution.

70. As a direct result of the actions and inactions of the Individual Defendants, Mr. Plessinger suffered the harm and damages set forth above.

## COUNT TWO
## Mr. Plessinger v. Defendants
## Supplemental State Law Claims

71. Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 69, inclusive, of their Complaint as if the same were set forth at length herein.

72. The defendants had a duty to comply with generally accepted medical standards of care in their treatment of Mr. Plessinger.

73. The defendants violated their duty of care to Mr. Plessinger.

74. The defendants' violations of their duty of care to Mr. Plessinger was a direct and proximate cause and a substantial factor in bringing about Mr. Plessinger's damages outlined above, and, as a result, the defendants are liable to plaintiff.

75. As the individual defendants were acting as agents, servants, and/or employees of defendant PrimeCare, ABC Company I and/or ABC Company II and were acting within the scope and course of their employment, and under the direct control and supervision of defendant PrimeCare, ABC Company I and/or ABC Company II, said defendants are liable to plaintiff on the basis of *respondeat*

*superior* liability.

76. As a direct result of the actions and inactions of the medical defendants, Mr. Plessinger suffered the harm and damages set forth above.

## COUNT THREE
## Mr. Plessinger v. Corporate Defendants
## Federal Constitutional Claims

77. Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 75, inclusive, of their Complaint as if the same were set forth at length herein.

78. As a direct and proximate result of all defendants' conduct, committed under color of state law, and the deliberate indifference of the Corporate Defendants to Mr. Plessinger's serious medical needs, Mr. Plessinger was denied the right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution and/or to due process of law under the Fourteenth Amendment to the United States Constitution.

79. As a result, Mr. Plessinger suffered harm in violation of his rights under the laws and Constitution of the United States, in particular the Eighth and Fourteenth Amendments, and 42 U.S.C. §1983.

80. The violations of Mr. Plessinger's constitutional rights, Mr. Plessinger's damages, and the conduct of the individual defendants were directly and proximately caused by the deliberate indifference of the Corporate Defendants

to the need for training, supervision, investigation, monitoring, or discipline with respect to the provision of medical care to inmates.

81. The violations of Mr. Plessinger's constitutional rights, Mr. Plessinger's damages, and the conduct of the individual defendants were directly and proximately caused by the encouragement, tolerance, ratification of, and/or deliberate indifference of the Corporate Defendants to, policies, practices, and/or customs of refusing, delaying, failing to coordinate, or otherwise interfering with inmates' necessary treatment for serious medical needs.

82. The violations of Mr. Plessinger's constitutional rights, Mr. Plessinger's damages, and the conduct of the individual defendants were directly and proximately caused by the failure of the Corporate Defendants, with deliberate indifference, to develop and implement policies, practices, and procedures to ensure that inmates receive the medications as needed and as prescribed, that inmates diagnosed with hyponatremia receive salt as needed and prescribed, adequate monitoring and adequate and proper fall prevention protocols for inmates at risk for side effects associated with denial of prescribed medications.

83. The violations of Mr. Plessinger's constitutional rights, Mr. Plessinger's damages, and the conduct of the individual defendants were directly and proximately caused by the encouragement, tolerance, ratification of, and/or deliberate indifference of the County defendants to, policies, practices, and/or

customs of correctional officers dismissing complaints by or on behalf of detainees and/or inmates regarding their medical needs and medical condition.

84. As a direct result of the actions and inactions of the Corporate Defendants, Mr. Plessinger suffered the harm and damages set forth above.

## COUNT FOUR
## Mrs. Plessinger v. Defendants
## Loss of Consortium

85. Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 83, inclusive, of their Complaint as if the same were set forth at length herein.

86. At all times relevant to this lawsuit, Mrs. Plessinger was and is the lawful wife of Mr. Plessinger.

87. As a direct and proximate result of the aforementioned injuries to Mr. Plessinger, Mrs. Plessinger has been deprived of the society, companionship and services of her husband and he will be deprived of the same for an indefinite time in the future, all to her great detriment and loss.

88. As a direct and proximate result of the aforesaid Mrs. Plessinger has and will in the future be obligated to expend various sums of money in and about an effort to effect a cure for her husband of his injuries.

## **REQUESTED RELIEF**

Wherefore, Plaintiff respectfully requests:

1. Compensatory damages;

2. Punitive damages;

3. Reasonable attorneys' fees and costs;

4. Such other and further relief as may appear just and appropriate.

5. Plaintiff hereby demands a jury trial as to each count and each defendant.


       *James A. Wells*
JAMES A. WELLS, ESQUIRE
GAY & CHACKER, P.C.
1731 Spring Garden Street
Philadelphia, PA  19130
(215) 567-7955
fax: (215) 567-6809
james@gayandchacker.com

**Attorneys for Plaintiffs
Frank Plessinger and Michelle Plessinger**

Date:  March 22, 2023