IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK C. PLESSINGER and MICHELLE PLESSINGER,** Husband and Wife, | Civil No. 1:23-CV-00519-SHR |
| Plaintiffs, | |
| v. | |
| **PRIMECARE MEDICAL, INC.,** et al., | Judge Sylvia H. Rambo |
| Defendants. | |

# M E M O R A N D U M

Before the court are motions to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Docs. 19, 22.) For the reasons set forth below, the motions will be granted.

## I. BACKGROUND

This case arises from the medical care Plaintiff Frank Plessinger ("Mr. Plessinger") received, or did not receive, while incarcerated at the Franklin County Jail ("FCJ"). Defendant PrimeCare Medical, Inc. ("PrimeCare") provides medical services to inmates incarcerated at FJC. Mr. Plessinger and his wife, Plaintiff Michelle Plessinger, commenced this lawsuit with a filing of a complaint on March 24, 2023, against PrimeCare and its various agents or employees (collectively

1

"Defendants"). (Doc. 1.) The following facts taken from the complaint are considered true for purposes of evaluating this motion.

On or about March 24, 2021, Mr. Plessinger arrived at FCJ to serve a thirty-day term of imprisonment for a DUI. (Doc. 1 ¶ 26.) During his intake evaluation, Mr. Plessinger advised Defendants that he took several prescribed medications for high blood pressure, including a clonidine patch, and additionally that he had a condition called hyponatremia. (*Id.* at ¶¶ 27-29.) Hyponatremia occurs when the level of sodium in the blood is too low, and if not properly treated, can lead to potentially serious problems including seizures or death. (*Id.* at ¶¶ 29-30.) Due to the seriousness of his condition, at the time of his admission to FCJ, Mr. Plessinger's physician provided a letter to FJC stating that "[p]atient has hyponatremia and needs to liberalize his salt. He will need access to a saltshaker." (*Id.* ¶ 32.) In addition, on the morning of March 25, 2021, Defendants contacted Mr. Plessinger's physician by phone and he again advised that Mr. Plessinger needed access to salt due to his hyponatremia. (*Id.* ¶ 31.)

Despite being aware of Mr. Plessinger's diagnosis and its potential complications if not properly treated, a verbal order for Mr. Plessinger to receive salt was not requested until approximately 5:00 p.m. on March 25, 2021, more than 24 hours after his arrival at the jail. (*Id.* ¶ 33.)

On March 27, 2021, Mr. Plessinger—who had yet to receive his salt and medications—fainted and was found unconscious with an abnormally low blood pressure. (*Id.* ¶ 35.) He was taken to Chambersburg Hospital where he was treated and discharged the following day. (*Id.* ¶¶ 37-39.) Upon his return to FCJ, Defendants again neglected to provide Mr. Plessinger with his necessary salt and medications, and on March 30, 2021, he once again fainted and lost consciousness. (*Id.* ¶¶ 40-41.) He was taken back to Chambersburg Hospital and diagnosed with a displaced fracture of his left femoral neck. (*Id.* ¶ 42.) He underwent a cemented left hip arthroplasty and thereafter experienced several medical complications including recurrent episodes of urinary retention, blood-tinged urine, and clotting which required placement of a Foley catheter. (*Id.* ¶¶ 43-44.) Several weeks later, he was again admitted to the hospital for a urinary tract infection and encephalopathy due to infection. (*Id.* ¶ 45)

In the complaint, Mr. Plessinger alleges, *inter alia*, that his physical and mental health remains seriously compromised due to Defendants' failure to provide proper medical treatment. (*Id.* ¶ 46.) Count I of the complaint asserts constitutional claims under the Eighth Amendment and Fourteenth Amendment's Due Process Clause pursuant to 42 U.S.C. § 1983 against the individual defendants. (*Id.* ¶¶ 68-70.) Count II asserts a state law claim for medical malpractice against all defendants (*Id.* ¶¶ 71-76.) Count III asserts a *Monell* claim for municipal liability against

PrimeCare. (*Id.* ¶¶ 77-84). Count IV asserts a state law claim for loss of consortium by Michelle Plessinger against all defendants. (*Id.* ¶¶ 85-88.) Jurisdiction is proper over Counts I and III under 28 U.S.C. § 1331 and Counts II and IV under 28 U.S.C. § 1367.

Defendants have moved to dismiss the complaint for failure to state a claim. (Docs. 19, 22.) The motions have been fully briefed and are ripe for review.

I.   **STANDARD OF REVIEW**

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "When reviewing a 12(b)(6) motion, we 'accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them.'" *Estate of Ginzburg by Ermey v. Electrolux Home Prods., Inc.*, 783 F. App'x 159, 162 (3d Cir. 2019) (quoting *Taksir v. Vanguard Grp.*, 903 F.3d 95, 96–97 (3d Cir. 2018)). The facts alleged must be "construed in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010) (internal quotations, brackets, and ellipses omitted). But "[t]he court is not required to draw unreasonable inferences" from the facts. 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004).

The Third Circuit has detailed a three-step process to determine whether a complaint meets the pleading standard. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2014). First, the court outlines the elements a plaintiff must plead to state a claim for relief. *Id.* at 365. Second, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." *Id.* Third, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II. DISCUSSION

### A. Plaintiffs have not sufficiently alleged personal involvement of the individual Defendants.

In Count I, Plaintiffs assert that the individual defendants were deliberately indifferent to Mr. Plessinger's medical needs, thereby violating the Eighth Amendment and/or his due process rights under the Fourteenth Amendment.[1] (Doc. 1 ¶ 69.)

---

[1] Because Mr. Plessinger was a prisoner, the standard for evaluating his claims of inadequate medical care is found in the Eighth Amendment, rather than the Fourteenth. *Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005). The court need not reach the Eighth Amendment analysis, however, because Plaintiffs fail to sufficiently allege personal involvement of the individual defendants in any constitutional violation.

5

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(1). A complaint, however, must contain enough factual allegations to permit the court to conclude that a defendant "is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In this regard, the Third Circuit has criticized so-called "shotgun pleading" in complaints, explaining that the specificity requirement "ha[s] a twofold purpose: 1) to weed out at an early stage frivolous claims and those that should be heard in state court, and 2) to provide the defendant with sufficient notice of the claims asserted." *Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988); *see Wright v. City of Phila.*, No. 01-6160, 2005 U.S. Dist. LEXIS 28332, at *11 (E.D. Pa. Nov. 17, 2005) (citing *Hynson* for the proposition that "[t]he Third Circuit . . . has a policy against Plaintiffs using a 'shotgun pleading approach' . . . and requires civil rights cases [to] be plead[ed] with considerable specificity.").

Section 1983 "provides that every person who acts under color of state law to deprive another of a constitutional right shall be answerable to that person in a suit for damages." *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (internal quotation marks and alteration omitted). It is thus axiomatic that a "defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). As such, a "group pleading" that

fails to allege specific personal involvement of individual defendants in constitutional violations and instead makes the allegations against all defendants "will not suffice." *Caristo v. Blairsville-Saltsurg Sch. Dist.*, 370 F. Supp. 3d 554, 569 n.21 (W.D. P.a. 2022). Group pleading is especially onerous on defendants when it creates "genuine uncertainty regarding who is responsible for what." *Engel v. Buchanan*, 710 F.3d 698, 710 (7th Cir. 2013).

Here, Plaintiffs bring claims against thirteen defendants, eight named and five fictitious. Plaintiffs then impermissibly pleads each averment against all the individual defendants, thereby failing to put each defendant on notice of their specific personal involvement. Accordingly, Defendants' motions will be granted without prejudice with respect to Count I.

**B. Plaintiffs fail to plausibly allege a *Monell* claim against PrimeCare.**

In Count III of the complaint, Plaintiffs assert a *Monell* claim against PrimeCare for failing to train and supervise its employees, thereby causing them to violate Mr. Plessinger's Eighth Amendment right to be free from cruel and unusual punishment. Plaintiffs' claim fails, however, because it relies entirely on threadbare recitations of the elements of the cause of action and conclusory statements. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (2009) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere

7

conclusory statements, do not suffice.'" (quoting *Iqbal*, 129 S.Ct. at 1949)). Because Plaintiffs do not provide a single non-conclusory fact allowing the court to draw an inference that would entitle them to relief from PrimeCare, Count III will be dismissed without prejudice.

### C. Plaintiffs' State Law Claims

As no federal claims remain, the court declines to exercise supplemental jurisdiction over the state law claims asserted in Counts II and IV. 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

### D. Leave to Amend

The Third Circuit has instructed that, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile, *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction applies equally to *pro se* plaintiffs and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). The deficiencies outlined in this memorandum are factual rather than legal in nature, and a curative amendment of the constitutional claims is conceivable against Defendants. Therefore, the claims will be dismissed pursuant to Rule 12(b)(6) but without prejudice and with leave to amend.

## III.  CONCLUSION

For the reasons set forth above, the motion to dismiss will be granted. An appropriate order shall follow.

/s/ Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: March 13, 2024